IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANTHONY RAY MUNDY                                                                 PLAINTIFF

v.                                    Civil No. 6:18-CV-06115

FITZPATRICK (Classification Officer, ADC                                          DEFENDANTS
Malvern); JD HUDSON (Correctional Floor
Officer, Ouachita River Correctional Unit;
and MRS. HOSMAN (Classification Officer,
Ouachita River Correctional Unit)

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendants' Motion for Summary Judgment on Exhaustion. (ECF No. 17).

**I.  BACKGROUND**

Plaintiff filed his Complaint in the Eastern District of Arkansas on November 15, 2018. (ECF No. 2). It was transferred to this District the same day. (ECF No. 3). Plaintiff alleges his constitutional rights were violated on July 15, 2018, while he was incarcerated in the Arkansas Department of Correction ("ADC") Ouachita River Unit. (ECF No. 2 at 4). Specifically, Plaintiff alleges he had "script" for a lower tier/lower bunk. He alleges Defendant Fitzpatrick assigned him to Rack 5-36, which is located upstairs. Plaintiff tripped and fell coming down from the upper floor and injured his lower back, right arm, and elbow. (*Id*. at 4-5). Plaintiff alleges Defendant Hosman is a classification officer and, as such, is responsible for the assignment of Plaintiff to a

1

top tier in violation of his script. (*Id*. at 5). Plaintiff alleges Defendant Hudson is a correctional floor officer. Upon his arrival into the housing unit, Plaintiff immediately notified him of his script and continued to notify him throughout the day that he needed to be moved. Hudson said he would move him but that did not occur before he was injured. (*Id*. at 6).

Plaintiff attached ADC Grievance SNN-18-00065 concerning the incident as an exhibit to his Complaint. (*Id*. at 9-12). The warden denied the grievance; however, the appeal was found to have merit on October 16, 2018. (*Id*. at 10).

Plaintiff proceeds against each Defendant in their personal capacity. (*Id*. at 4-6). He seeks compensatory and punitive damages. (*Id*. at 7).

Defendants filed their Motion for Summary Judgment on Exhaustion on April 11, 2019. (ECF No. 17). On April 12, 2019, the Court entered an Order directing Plaintiff to file his Response to the Motion, and Plaintiff did so on May 1, 2019. (ECF No's. 20, 23). Defendants filed a Reply on May 6, 2019. (ECF No. 24).

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co*., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient

evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.  ANALYSIS

Defendants argue summary judgment in their favor is appropriate because Plaintiff did not exhaust any grievances against the Defendants named in this case. (ECF 18 at 2-6).

Plaintiff argues he was prevented from exhausting grievance SNN[1]-18-00065 due to a transfer to another unit. (ECF No. 23 at 3). Plaintiff also appears to argue that when he filed the Step Two formal grievance for SNN-18-00065, he made an inmate request for the names and departments of the officers responsible assigning housing at the Ouachita Unit Prison, but did not receive a response. (*Id.* at 3). Plaintiff did not attach a copy of the inmate request to his Complaint or Response.

In their Reply, Defendants note that SNN-18-00065 was "processed, appealed and fully exhausted" as to the grievance itself. (ECF No. 24). Plaintiff failed, however, to name any of the Defendants in the instant case in the grievance by either name or title. They argue he therefore failed to exhaust any grievances concerning the incident against the Defendants in this case. (*Id.* at 2-3). They further note that transfer to another unit does not excuse the exhaustion requirement.

---

[1] Plaintiff labelled the Grievance #5nn18-00065. This appears to be a typographical error.

(*Id*. at 3).  They argue that Plaintiff offers no evidence that he made a request for names or departments of officers.  (*Id*. at 4).

Based on the summary judgment record before the Court, Plaintiff failed to exhaust his administrative remedies against the Defendants named in this case.  The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).  "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules."  *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted).  The "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Id*.  A prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits."  *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012).  The purpose of the exhaustion requirement is to "give the agency a fair and full opportunity to adjudicate their claims."  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  "Proper exhaustion demands compliance with an agency's deadlines."  *Id*.

The Eighth Circuit Court of Appeals, however, has recognized two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures, or (2) when the officials themselves fail to comply with the grievance procedures.  *See Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (citing *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001) (explaining that a prisoner is only required to exhaust those administrative remedies that are

4

available and any remedies that prison officials prevent a prisoner from utilizing are not considered available)).

ADC policy sets up a specific process for filing and appealing grievances. The policy expressly advises inmates that:

> <u>Grievances must specifically name each individual</u> involved for a proper investigation and response to be completed by the ADC. Inmates must fully exhaust the grievance prior to filing a lawsuit. Inmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties.

(ECF No. 17-1 at 4-5) (emphasis added). When describing how to fill out a Unit Level Grievance Form at the informal Step One, the policy again advises inmates that the inmate should provide a brief specific statement which includes "the date, place, personnel involved or witnesses. . . ." (*Id*. at 5-6). At the formal Step Two, inmates are advised to use the same Unit Level grievance and indicate why the Step One resolution was unsuccessful. No new issues may be added at Step Two. (*Id*. at 8-9). At Step Three, the inmate may appeal the resolution from Step Two. (*Id*. at 11).

There is no dispute that the only grievance Plaintiff filed concerning the incident was SSN-18-00065. (ECF No's. 2 at 9-12; 17-2 at 3). This grievance was fully exhausted (as presented) and found to have merit on appeal. The grievance does not, however, identify any ADC personnel, either named in this case or otherwise. (*Id*.). Plaintiff therefore failed to exhaust his administrative remedies against any of the named Defendants in this case.

To the extent Plaintiff appears to argue that he filed an inmate request to either obtain those names for Step Two of his grievance or to file a new grievance, he failed to provide any evidence of that inmate request form, and he would not be permitted to add new information to SNN-18-00065 at Step Two under the ADC policy. His assertion is therefore contradicted by the record.

Finally, to the extent Plaintiff argues that he was prevented from filing a grievance due to his transfer to another unit, transfers from one ADC unit to another ADC unit do not excuse the PLRA exhaustion requirement. *See e.g. Morris v. Allen*, 2013 WL 3422893 at *2 (E.D. Ark. July 8, 2013) (citing *Napier v. Laurel County, Ky.,* 636 F.3d 218, 223 (6th Cir. 2011); *Medina–Claudio v. Rodriguez–Mateo,* 292 F.3d 31, 35 (1st Cir. 2002) (prisoner's transfer between various facilities did not affect his obligation to exhaust his administrative remedies); *Flournoy v. Schomig,* 152 Fed. App'x. 535, 537 (7th Cir. 2005 (transfer from one state correctional facility to another did not excuse a prisoner from complying with the PLRA's exhaustion requirement); *Williamson v. Wexford Health Sources, Inc..,* 131 Fed. App'x. 888, 890 (3rd Cir. 2005)). Plaintiff's transfer from one ADC unit to another ADC unit therefore does not excuse his failure to exhaust his administrative remedies as to the Defendants in this case.

## IV.  CONCLUSION

Accordingly, I recommend that Defendants' Motion for Summary Judgment on Exhaustion (ECF No. 17) be GRANTED and Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **30th day of January 2020**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE